UNITED STATES of America,
Plaintiff–Appellee,

v.

Anastacio GARCIA–CARAVEO,
Defendant–Appellant.

Nos. 12–10452, 12–10455.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 3, 2013.

Sean Kevin Lokey, Assistant U.S., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

Jeanette Elizabeth Alvarado, Federal Public Defender, FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

*See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

In these consolidated appeals, Anastacio Garcia–Caraveo appeals from the district court's judgment and challenges the 46-month sentence and 36-month term of supervised release imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. He also appeals the 11-month sentence imposed following revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Garcia–Caraveo contends that the district court procedurally erred by failing to consider his mitigating arguments or adequately explain the sentence. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The district court heard the mitigating arguments and sufficiently explained the sentence, including the supervised release term. *See Rita v. United States,* 551 U.S. 338, 358–59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007).

Garcia–Caraveo also contends that the total 57-month sentence is substantively unreasonable in light of the age of his prior robbery conviction, which triggered a 12-level enhancement. The district court did not abuse its discretion in imposing Garcia–Caraveo's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence is substantively reasonable in light of the relevant 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence. *See id.*

Garcia–Caraveo finally contends that the three-year term of supervised release is substantively unreasonable in light of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S.S.G. § 5D1.1(c). The district court did not abuse its discretion in imposing a term of supervised release. *See United States v. Valdavinos–Torres,* 704 F.3d 679, 692–93 (9th Cir.2012). The sentence is substantively reasonable in light of the totality of the circumstances, including the need for additional deterrence. *See id.;* U.S.S.G. § 5D1.1 cmt. n.5 (the district court should consider imposing supervised release on a deportable alien "if the court determines it would provide an added measure of deterrence and protection").

**AFFIRMED.**